UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huguette Nicole Young, | Case No. 20-cv-2144 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Keith Ellison, | |
| Defendant. | |

This action comes before the Court on Plaintiff Huguette Nicole Young's (1) Verified Complaint for Declaratory and Emergency Injunctive Relief, ECF No. 1 ("Complaint"); (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"); (3) Motion for a Speedy Hearing Under Rule 57 of Fed. R. Civ. P., ECF No. 3 ("Speedy-Hearing Motion"); (4) Motion for Email Filing and Notification, ECF No. 4 ("E-Filing Motion"); and (5) First Amended Complaint for Declaratory and Emergency Injunctive Relief, ECF No. 5 ("Amended Complaint"). For the following reasons, the Court (1) grants the Amended Complaint to the extent it serves as a motion to amend the Complaint; (2) recommends dismissing this action without prejudice for lack of subject-matter jurisdiction; and (3) recommends denying the IFP Application, the Speedy-Hearing Motion, and the E-Filing Motion as moot.

**I.   BACKGROUND**

   A.   Complaint

Young, an Oregon resident, filed the Complaint on October 9, 2020. *See* Compl. 1, 11.[1]  She alleges that she is a "long-haul commercial tractor-trailer driver who has carried

---

[1] This is part of a wave of litigation: a nationwide search of PACER filings shows that Young has filed dozens of essentially identical complaints throughout the country. *See,*

loads into and out of all lower 48 states." *Id.* at 11.[2]  She further states that she is a "well-established Ph.D. biochemist," as well as a "law school graduate specializing in constitutional law." *Id.* (capitalization amended).

The Complaint purports to present a constitutional challenge to Executive Order 20-81 ("EO 20-81"), issued by Governor Tim Walz on July 22, 2020.  *See id.* at 1.  EO 20-81 requires that "Minnesotans must wear a face covering in indoor businesses and indoor public settings," and that "[w]orkers must also wear face coverings outdoors when it is not possible to maintain social distancing"; furthermore, it also recommends that, "[w]hen leaving home, Minnesotans [should] have a face covering with them at all times . . . ."  *See* EO 20-81 ¶ 2, *available at* https://mn.gov/governor/news/executiveorders.jsp (last accessed Nov. 27, 2020).  The Complaint alleges that EO 20-81 violates Young's "First Amendment right of free speech under the United States Constitution by literally blocking [her] ability to speak audibly and clearly while wearing a face mask . . . ."  Compl. 1–2.  Young further argues that "all public health emergency declarations must be done on a county by county level," meaning that EO 20-81 "has no justification unless and until state health officials can show data in every county of Minnesota results in mortality rates significantly above mortality rates for the seasonal flu."  *Id.* at 7.[3]

---

*e.g.*, *Young v. James*, No. 20-CV-8252 (PAE), 2020 WL 6572798, at *1 & n.2 (S.D.N.Y. Oct. 26, 2020) ("Young has filed virtually identical complaints in at least 36 other federal courts." (collecting cases)).

[2] As will become clearer from Young's Amended Complaint, this truck-driving job appears to be an earlier position.  A document that Young submitted with the IFP Application states that in July 2020, California authorities suspended Young's commercial driver's license, "caus[ing] [her] to lose [her] job as a truck driver."  Dkt. 2-1 at 5.

[3] Young contends that "mounting scientific data [shows that] prolonged face mask use cuts down on oxygen intake," that "Covid-19 is not a pandemic," and that Covid-19 is "probably not as deadly a virus as first thought."  *See, e.g.*, Compl. 3.

2

Young states that the violation of her rights "will most likely occur when [she] will be forced to wear a face mask at any Walmart store along I-94 in Minnesota, which is where [Young] has routinely shopped in the past while working in Minnesota . . . ." *Id.* at 10. Young asks the Court for declaratory and injunctive relief—specifically, a declaration that EO 20-81 is unconstitutional and an injunction "barring defendant Keith Ellison from enforcing this law in his capacity as attorney general of Minnesota . . . ." *Id.* at 32–33.

Alongside the Complaint, Young filed the IFP Application, Speedy-Hearing Motion, and E-Filing Motion. *See generally* IFP Appl.; Speedy-Hr'g Mot.; E-Filing. Mot. The IFP Application seeks permission for Young to proceed in forma pauperis in this action. *See* IFP Appl. 1. The Speedy-Hearing Motion cites Rule 57 of the Federal Rules of Civil Procedure and requests a "speedy hearing" concerning Young's request for a declaratory judgment. *See* Speedy-Hr'g Mot. 4. The E-Filing Motion asks the Court to let Young email materials to the Clerk of this Court for filing, and to let Young receive electronic notifications of activity in this action. *See* E-Filing Mot. 1.

B.   First Amended Complaint

On October 27, 2020, Young filed the Amended Complaint. *See* Am. Compl. 1. Of particular note, the Amended Complaint modifies three paragraphs of the Complaint "to reflect [Young's] updated status in seeking new employment, partnership, support, and/or training opportunities in Minnesota in the legal profession." *Id.* The relevant new allegations state that Young was a commercial driver, but now is "pursuing a career shift into the legal profession," is "currently seeking new work opportunities in Minnesota," and "is expected to be in Minnesota within the coming week to this end." *Id.* at 11. Somewhat more specifically, Young states that she "is currently seeking support, employment, training and/or partnership opportunities with veterans and veterans help centers across

3

the country, including in Alabama [*sic*], in the field of defending the civil rights of all veterans." *Id.* at 12.[4]

## II. ANALYSIS

### A. Amended Complaint

As a threshold point, Young has not moved to amend the Complaint; rather, she simply filed the Amended Complaint without an accompanying motion. As a starting point, then, the Court construes the Amended Complaint as presenting an implicit motion to amend the Complaint.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party in civil litigation may amend its pleading "once as a matter of course" if (as relevant here) the amendment is made within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Young has plainly met this deadline, given that the Complaint has yet to be served. The Court thus treats the Amended Complaint as this action's operative pleading.

Review of the Amended Complaint, however, immediately raises the question of whether subject-matter jurisdiction exists here. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

---

[4] This is not the Amended Complaint's only (obviously erroneous) reference to Alabama. *See, e.g.*, Am. Compl. 10 ("The District of Minnesotais [*sic*] the proper venue for this action because the violation of plaintiff's First Amendment right of free speech by EO 20-81 will occur repeatedly in the coming week as long as plaintiff is forced to wear a face mask while shopping at Walmart stores along I-94 *in Alabama*, all of which are within the jurisdiction of this court." (emphasis added)). The Court assumes these Alabama references are proofing errors triggered by Young pressing similar suits nationwide. Given the need to construe pro se filings liberally, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court assumes that Young in fact means to refer to Minnesota rather than Alabama in this action.

4

court must dismiss the action." The Court will thus turn to this jurisdiction question sua sponte.

"'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian of Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994)). A court lacks subject-matter jurisdiction over a case when a plaintiff lacks Article III standing. *See, e.g.*, *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 92–94 (1998)). "'[T]he question of standing is whether the litigant is entitled to have the [federal] court decide the merits of the dispute or of particular issues." *Id.* at 933 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (brackets in *Miller*)).

To satisfy Article III's case-or-controversy requirement, a plaintiff must establish (1) that they have suffered an injury-in-fact that is "concrete and particularized" and "actual or imminent"; (2) that the injury is "fairly traceable" to the actions of the defendant"; and (3) that the injury will likely be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162, 167 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, the Court is convinced that Young lacks standing; the Court need go no further than the case-or-controversy requirement's first element.[5]

For an injury-in-fact to support standing, it cannot be "'conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560); *see also, e.g.*, *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019) (same). Furthermore, allegations of future injury can provide standing, but only "if the threatened

---

[5] Because the Court concludes that the Amended Complaint fails to properly allege an injury-in-fact, the Court need not—and so does not—opine on the other requirements of Article III standing.

injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013) (cleaned up)); *City of Kennett, Missouri v. Envtl. Prot. Agency*, 887 F.3d 424, 431 (8th Cir. 2018) (quoting *Driehaus*).

Nothing in the Amended Complaint brings Young's injury-in-fact allegations beyond the realm of the "conjectural or speculative." As discussed above, she asserts that she is "currently seeking new work opportunities in Minnesota," and that she "is expected to be in Minnesota within the coming week to this end." Am. Compl. 11. She states that she is "currently seeking support, employment, training and/or partnership opportunities with veterans and veterans help centers across the country, including in [Minnesota]," and that, while she is currently an Oregon resident, she is "eager to relocate anywhere opportunity takes her as long as there is no mask mandate." *Id.* at 12.

Notably, none of these allegations specifically states that Young *will* be in Minnesota and *will* be affected by EO 20-81.[6] At best, the allegations suggest that Young *might* be in Minnesota in the future. It would be utterly conjectural or speculative to assume at this point that Young faces any real risk of encountering enforcement of EO 20-81. She plainly alleges no actual harm, no "certainly impending harm," and no "substantial risk" of experiencing harm. Without more, this Court cannot conclude that the Amended Complaint properly establishes Young's standing to proceed.[7]

---

[6] The Court observes that the Amended Complaint's standing-related edits plainly attempt to fix a glaring standing problem in the original Complaint. The Complaint tried to ground standing in the possibility of Young coming to Minnesota during her work as a commercial trucker, but that theory was definitively undercut by Young's statement that she is no longer licensed as a commercial trucker. *Compare* Compl. 9–11 *with* Dkt. 2-1 at 5.

[7] The Court notes that numerous other courts have dismissed similar actions filed by Young based on a similar lack of standing. *See, e.g.*, *Young v. Becksted*, No. 20-CV-1080 (LM), 2020 WL 7029509, at *2 (D.N.H. Nov. 10, 2020); *Young v. Frosh*, No. 20-CV-2935 (ELH), 2020 WL 6585958, at *6 (D. Md. Nov. 10, 2020); *Young v. Venable*,

6

Because Young has failed to allege standing to pursue the Amended Complaint, the Court recommends dismissing this action without prejudice for lack of subject-matter jurisdiction.

B.   Other Motions

Because the Court recommends dismissing this action for lack of subject-matter jurisdiction, it further recommends dismissing Young's remaining motions—the IFP Application, the Speedy-Hearing Motion, and the E-Filing Motion—as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Huguette Nicole Young's First Amended Complaint for Declaratory and Emergency Injunctive Relief, ECF No. 5 ("Amended Complaint"), to the extent it is construed as a motion to amend the Complaint, is **GRANTED**.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1.   The Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2.   Young's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2; Motion for a Speedy Hearing Under Rule 57 of Fed. R. Civ. P., ECF No. 3; and Motion for Email Filing and Notification, ECF No. 4, be **DENIED** as moot.

Dated:  December 14, 2020                     s/David T. Schultz
                                              DAVID T. SCHULTZ
                                              U.S. Magistrate Judge

---

No. 20-CV-0226, 2020 WL 6657237, at *3 (E.D. Tenn. Nov. 9, 2020); *Young v. Healey*, No. 20-CV-11832 (RGS), 2020 WL 6384314, at *2 (D. Mass. Oct. 30, 2020).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).